**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| BUMBLE TRADING, INC. and BUMBLE HOLDING, LTD., | § § § |
| Plaintiffs/Counter-Defendants, | § § |
| VS. | § § § |
| MATCH GROUP, LLC, | § § |
| Defendant/Counter-Plaintiff. | § § § |

C.A. No. 3:18-cv-2578

**NOTICE OF REMOVAL**

Defendant Match Group, LLC ("Match") hereby removes the above-captioned action, from the 160th Judicial District of the District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to (1) 28 U.S.C. § 1454 on the ground that the claims and counterclaims arise under federal patent law, and (2) 28 U.S.C. § 1441 on the ground that the federal district court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because plaintiffs' suit arises under federal patent and trademark law.

**INTRODUCTION**

1.  Match is a worldwide leader in online dating, with multiple popular brands of matchmaking services, including "Tinder," a mobile dating app famously characterized by a stack of swipeable cards containing photographs of potential matches. If a user is interested in the person shown, the user swipes right. If not, the user swipes left. If two users swipe right on each other, a match has been made, and the users can communicate with one another through the app. Match has been awarded two utility patents and numerous design patents by the United States Patent and Trademark Office protecting the fundamental features of Tinder. Match has also been awarded a federally registered trademark for "swipe" in connection with mobile dating apps.

2.      "Bumble" is a mobile dating app owned by plaintiffs Bumble Trading, Inc. ("Bumble Trading") and Bumble Holding, Ltd. (collectively, "plaintiffs" or "Bumble"). Bumble was founded by three former Tinder executives. The Bumble app is virtually identical to Tinder and incorporates the patented and trademarked features owned by Match that have made Tinder the most widely downloaded dating app in America.

3.      To protect its extraordinarily valuable intellectual property rights, on March 16, 2018, Match filed a civil action against Bumble Trading in the United States District Court for the Western District of Texas. Exhibit 1. Match subsequently filed an amended complaint on April 30, 3018. Exhibit 2.

4.      Plaintiffs responded by filing claims against Match alleging that Match tortiously interfered in plaintiffs' effort to sell Bumble. But the "tort" that Match is alleged to have engaged in is the filing of its federal suit enforcing its patent and trademark rights — a suit that plaintiffs label as "frivolous," "meritless," and "bogus." Exhibit 6 (Petition) ¶¶ 3-4, 39-45. Plaintiffs further allege that Match's patents are "invalid." *Id.* ¶¶ 41-44. Rather than filing these claims in federal court as compulsory counterclaims, Bumble instead sued Match in Texas state court, even though federal courts have exclusive jurisdiction over patent disputes. *See* 28 U.S.C. § 1338(a) ("No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights."); *Tank Insulation Int'l, Inc.* v. *Insultherm, Inc.*, 104 F.3d 83, 86 (5th Cir. 1997) (claim alleging wrongful use of infringement lawsuit is a compulsory counterclaim absent some applicable exception); *Eon Labs., Inc.* v. *Smithkline Beecham Corp.*, 298 F. Supp. 2d 175, 183 (D. Mass. 2003) (state-law tortious interference claim based on patent litigation is a compulsory counterclaim).

5. Since March, Bumble has filed a series of motions to extend its time to answer the federal lawsuit. Exhibit 3 (federal court docket). During that time, Bumble's state court action sat idle and unserved. With Bumble's answer now due on September 30, however, Bumble will have to respond to Match's federal lawsuit. With that deadline looming in less than one week, Bumble finally effected service in its state court action on September 24, 2018.

6. This dispute — which is centered on the validity of Match's intellectual property rights — should be heard in a single, federal forum with the power to adjudicate the validity of Match's patents and trademarks. Match therefore seeks removal of Bumble's state court action, including the patent counterclaims Match has filed in that action, so that all of the issues raised by the parties can be resolved in a single forum. To that end, Match also has simultaneously filed a Motion to Transfer the case from this Court to the Western District of Texas, where Match's patent and trademark suit against Bumble Trading is currently pending.

7. As discussed in further detail below, this action is removable on two grounds. First, 28 U.S.C. § 1454 allows removal whenever "*any* party asserts a claim for relief arising under any Act of Congress relating to patents." 28 U.S.C. § 1454 (emphasis added). That statute was passed in 2011, as part of the Leahy-Smith America Invents Act, which was "intended to provide federal courts . . . with a broader range of jurisdiction" over patent matters. *Vermont* v. *MPHJ Tech. Invests., LLC*, 803 F.3d 635, 644 (Fed. Cir. 2015). As numerous courts have recognized, Congress, through § 1454, legislated an exception to the "well-pleaded complaint rule." *See, e.g.*, *Team Express Distrib. LLC* v. *Junction Sols., Inc.*, 2016 WL 3081020, at *2 (W.D. Tex. May 31, 2016) ("Under § 1454, a defendant with a patent or copyright counterclaim is no longer bound by a plaintiff's well-pleaded state law complaint to litigate in state court.").

3

8. Section 1454 thus allows removal by a defendant based on claims arising under the patent laws, "*even when asserted in counterclaims*, rather than in an original complaint." *MPHJ Tech. Invests.*, 803 F.3d at 644 (emphasis added). Because Match has filed patent counterclaims against Bumble in the state court action, this action is removable so that Match's federally-protected intellectual property rights can be heard by a court with the power to adjudicate the entirety of the dispute between the parties. *See, e.g.*, *Apollo Enter. Sols., Inc.* v. *Lantern Credit, LLC*, 2018 WL 437472, at *5-6 (C.D. Cal. Jan. 16, 2018) (allowing removal pursuant to § 1454 based on patent declaratory judgment counterclaim).

9. Second, plaintiffs' claims are removable under 28 U.S.C. § 1441 and the well-pleaded complaint rule. As pleaded, plaintiffs' claims arise under federal law because they necessarily raise disputed federal issues, in an area of exclusive federal jurisdiction, and create a risk of conflicting judgments between state and federal courts. *See Gunn* v. *Minton*, 568 U.S. 251, 258 (2013).

## GROUNDS FOR REMOVAL

### A. This action is removable pursuant to 28 U.S.C. § 1454.

10. 28 U.S.C. § 1454(a) provides that a "civil action in which *any* party asserts a claim for relief arising under any Act of Congress relating to patents . . . or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1454(a) (emphasis added).

11. As noted, § 1454 provides an intellectual-property exception to the "well-pleaded complaint rule" normally governing removal. Accordingly, Texas federal courts regularly permit removal of state court actions where, as here, the defendant asserts patent or copyright law counterclaims. *See, e.g.*, *Team Express*, 2016 WL 3081020, at *2 (removal by defendant based on

4

copyright infringement counterclaim); *Van Steenburg* v. *Hageman*, 2015 WL 1509940, at *6 (W.D. Tex. Mar. 31, 2015) (same); *DEA Specialties Co.* v. *DeLeon*, 2014 WL 4385967, at *2-4 (W.D. Tex. Sept. 4, 2014) (same).  As these courts have recognized, removal in such circumstances is "clearly permitted" under Section 1454.  *Van Steenburg*, 2015 WL 1509940, at *5.

12.  Match's counterclaims allege patent infringement and seek declaratory judgments that its patents are valid and that plaintiffs are infringing them.  *See* Exhibit 16 (Answer and Counterclaims).  In particular, the counterclaims seek declarations of the subject matter eligibility of U.S. Patent No. 9,733,811 and U.S. Patent No. 9,959,023 and the non-functionality of U.S. Patent No. D798,314, as well declarations of infringement of those patents by plaintiffs, damages for such infringement, and an injunction against further infringement.  These claims expressly invoke, and arise under, the patent laws.  *See, e.g.*, *Golan* v. *Pingel Enter., Inc.*, 310 F.3d 1360, 1367 (Fed. Cir. 2002) (declaratory judgment actions seeking to resolve patent claims arise under patent laws).  As a result, this action is removable pursuant to 28 U.S.C. § 1454.

13.  As discussed below, plaintiffs' claims also arise under the patent laws and are therefore themselves removable pursuant to § 1454.  Further, in the alternative, plaintiffs' claims are subject to the Court's supplemental jurisdiction because they "are so related to" Match's patent counterclaims that they form part of the same case or controversy.  28 U.S.C. § 1367(a). According to plaintiffs' state court petition, all of Match's allegedly tortious actions — including "bringing frivolous intellectual property claims," misappropriating confidential information, and disparaging Bumble through statements in its federal lawsuit and in press stories about the federal lawsuit — were part of "a concerted effort by Match to poison and devalue Bumble" in order to "chill the investment market" so that Match could acquire Bumble at a depressed price.  Exhibit 6 (Petition) ¶ 27; *see also id.* ¶ 25 (alleging Match sought to "poison[] the investment market through tortious

conduct"), ¶ 50 (alleging Match made disparaging media statements claiming that its patents were valid and were being infringed by Bumble "to allay suspicion that its lawsuit against Bumble was not well founded").

14. Because plaintiffs' claims of an improper scheme turn on the validity of Match's patent claims, these claims all share a common nucleus of operative fact. They should be heard in a single case.

### B. This action is also removable pursuant to 28 U.S.C. § 1441.

15. 28 U.S.C. § 1441(a) provides that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

16. 28 U.S.C. § 1331 grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

17. 28 U.S.C. § 1338(a) grants district courts "original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."

18. A state law cause of action "arises under" federal law when "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn* v. *Minton*, 568 U.S. 251, 258 (2013).

19. Plaintiffs' claims arise under federal patent and trademark law because they are premised on the contention that Match's federal lawsuit is meritless and was filed for an improper purpose. *See* Exhibit 6 (Petition) ¶¶ 3-4, 25, 27, 39-45, 50, 51, 57, 63, 72, 78, 85, 86.

20. First, plaintiffs' claims "necessarily raise" federal patent and trademark issues, including the validity of Match's patents and the merit of Match's patent and trademark claims. Indeed, the central theme of plaintiffs' entire suit is that Match's federal patent and trademark claims are "frivolous," "meritless," and "bogus." For example, to prove their tortious interference claim under Texas law, plaintiffs must establish that Match's conduct "was either independently tortious or unlawful." *Wal-Mart Stores, Inc.* v. *Sturges*, 52 S.W.3d 711, 713 (Tex. 2001). That element cannot be satisfied where the allegedly tortious lawsuit was asserted in good faith. *See Intel Corp.* v. *Intel-Logistics, Inc.*, 2006 WL 1517510, at *2 (S.D. Tex. May 30, 2006). Thus, evaluating plaintiffs' claim necessarily requires consideration of the merits of Match's claims, which in turn requires application of federal patent and trademark law. *See Gunn*, 568 U.S. at 259; *see also Old Reliable Wholesale, Inc.* v. *Cornell Corp.*, 635 F.3d 539, 550 (Fed. Cir. 2011) (discussing federal law presumption "that an assertion of infringement of a duly granted patent is made in good faith").

21. Second, the federal patent and trademark issues are "actually disputed." The entire basis of plaintiffs' claims is that Match's federal patent and trademark suit is frivolous, which Match disputes.

22. Third, the federal patent and trademark issues raised in Bumble's state court complaint are "substantial." The disputed issues involve the validity of Match's patents and plaintiffs' continuing infringement of Match's patents and trademarks. Further, given that Match's federal lawsuit against Bumble Trading addresses these exact issues, allowing the claim to remain

in state court would risk inconsistent judgments between state and federal courts. *See Jang* v. *Boston Sci. Corp.*, 767 F.3d 1334, 1337 (Fed. Cir. 2014) (federal issues are substantial when they are "neither entirely backward-looking nor hypothetical" and "could result in inconsistent judgments between state and federal courts").

23.   Finally, plaintiffs' claims can be heard in federal court "without disrupting the federal-state balance approved by Congress." States have no special responsibility for the kinds of claims asserted by plaintiffs, which are regularly heard by federal courts. On the other hand, patent law is an area of special federal concern — indeed, federal courts have exclusive jurisdiction over patent law claims. *See* 28 U.S.C. § 1338(a).

24.   Accordingly, plaintiffs' claims arise under federal patent and trademark law. This Court would therefore have original jurisdiction over this action, and it is removable pursuant to 28 U.S.C. § 1441. Moreover, to the extent the Court holds that any of plaintiffs' claims arise solely under state law, for the reasons discussed above, such claims are subject to the Court's supplemental jurisdiction because they "are so related to" the federal claims that they form part of the same case or controversy. 28 U.S.C. § 1367(a).

## COMPLIANCE WITH REMOVAL PROCEDURES

25.   This Notice of Removal is properly filed in the United States District Court for the Northern District of Texas, Dallas Division, because the 160th Judicial District of the District Court of Dallas County, Texas, is located in this federal judicial district and division.

26.   Plaintiffs' state court petition was filed with the clerk of the Dallas County Court on March 28, 2018. Match was served with the petition on September 24, 2018. This Notice of Removal is filed within 30 days of service and is therefore timely pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros., Inc.* v. *Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[A] named

defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

27.     Match is the sole defendant in the state court action, and no other party's consent is required for removal pursuant to 28 U.S.C. § 1446(b)(2).

28.     In accordance with 28 U.S.C. § 1446(a) and Local Rule 81.1, attached to this Notice of Removal are an index of all documents filed in the state court, the state court docket sheet, and a copy of each document filed in the state court.  In addition, a Civil Cover Sheet, Supplemental Civil Cover Sheet, Notice of Related Case, and Certificate of Interested Persons accompany this Notice pursuant to Local Rule 81.1.

29.     Match will promptly file with the clerk of the Dallas County Court, and will serve on counsel for plaintiffs, a Notice of Filing and a copy of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

Dated: September 26, 2018
Dallas, Texas

Respectfully submitted,

/s/ Bradley W. Caldwell
Bradley W. Caldwell
Texas State Bar No. 24040630
Marc Wolinsky (*pro hac vice* forthcoming)         Email:  bcaldwell@caldwellcc.com
Stephen R. DiPrima (*pro hac vice*                 John F. Summers
forthcoming)                                        Texas State Bar No. 24079417
Nathaniel D. Cullerton (*pro hac vice*             Email:  jsummers@caldwellcc.com
forthcoming)                                        **CALDWELL CASSADY CURRY P.C.**
Jonathan Siegel (*pro hac vice* forthcoming)       2101 Cedar Springs Road, Suite 1000
**WACHTELL, LIPTON, ROSEN & KATZ**                  Dallas, Texas  75201
51 West 52nd Street                                 Telephone:  (214) 888-4848
New York, New York  10019                           Facsimile:  (214) 888-4849
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000


**ATTORNEYS FOR
MATCH GROUP, LLC**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served upon the following counsel of record via facsimile and U.S. Mail in accordance with the Federal Rules of Civil Procedure on this 26th day of September, 2018:

>Deron Dacus
>Texas State Bar No: 00790553
>THE DACUS FIRM, P.C.
>821 ESE Loop 323, Suite 430
>Tyler, TX 75701
>903-705-1117 (phone)
>903-581-2543 (fax)
>903-705-7231 (Direct Dial)
>Email : ddacus@dacusfirm.com

                                                        /s/ Bradley W. Caldwell